IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MARK TIMON *a/k/a* MARK L. TIMON,  )<br>DEBORAH TIMON *a/k/a* DEBORA M.  )<br>   TIMON,  )<br>FREDERICK L. DILL, JR., and  )<br>TOWN OF WALPOLE,  )<br>)<br>Defendants.  ) | Case No. 1:25-cv-00221 |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to enforce a federal tax lien against certain real property titled in the names of Mark Timon and Deborah Timon, husband and wife. For its complaint, the United States alleges as follows:

### JURISDICTION, PARTIES, AND PROPERTY

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Mark Timon, also known as Mark L. Timon, resides in Cheshire County, New Hampshire, within the jurisdiction of this Court.

3. The defendant Deborah Timon, also known as Debora M. Timon, resides in Cheshire County, New Hampshire, within the jurisdiction of this Court.

4. The defendant Frederick L. Dill, Jr., is joined as a party because he may have a lien or claim an interest in the property described below.

1

5.      The defendant Town of Walpole is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

6.      The real property upon which the United States seeks to enforce its tax liens (the "Real Property") is located at 134 Wentworth Road, Walpole, New Hampshire 03608, and has a legal description as follows:

> Beginning at an iron pin at the end of a stone wall on the Westerly side of Wentworth Road, so-called, which said iron pin marks the Northeast corner of the property herein conveyed;
>
> Thence North 84º West Three Hundred Fifty Two (352) feet, more or less, along a stone wall to a marked tree for a corner;
>
> Thence Couth 23 1/4º West Two Hundred (200) feet, more or less, to an iron pin for a corner;
>
> Thence Easterly Three Hundred Fifty Two (352) feet, more or less, on a line parallel with the first described line to the Westerly side of the aforementioned Wentworth Road;
>
> Thence Northerly along the Westerly side of the aforementioned Wentworth Road to the place of beginning.

Meaning and intending to describe the property conveyed to Mark Timon and Deborah Timon, husband and wife, by warranty deed of Jay A. Reichman and Jane M. Worley, husband and wife, dated May 17, 2016, and recorded with the Cheshire County Registry of Deeds as document number 1603589, at Book 2944, Page 1121, on May 17, 2016.

**Claim Against All Parties to Enforce Federal Tax Lien Against Real Property**

7.      The United States incorporates by reference paragraphs 1 through 6 as if

specifically realleged herein.

8. Mark Timon and Deborah Timon jointly obtained title to the Real Property by deed dated May 17, 2016.

9. On September 6, 2022, in the case captioned as *United States v. Timon, et al.* (Case No. 1:20-cv-01101), the United States District Court for the Northern District of New York entered judgment in favor of the United States and against Defendants Mark L. Timon and Debora M. Timon for federal income tax liabilities for tax years 2006 and 2007 in the amount of $684,659.21, plus statutory additions accruing from and after July 27, 2020 (the "Judgment"). An abstract of the Judgment was recorded with the Cheshire County Registry of Deeds, at Book 3228, Page 121, on October 4, 2022, thereby creating a judgment lien on the Real Property.

10. A delegate of the Secretary of the Treasury made assessments against Defendants Mark Timon and Deborah Timon for those periods on the dates and in the amounts described below. Those liabilities (excluding penalties and interest thereon) have balances due as of February 26, 2025, plus statutory additions accruing from and after February 26, 2025, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Balance Due 7/27/2020 | Balance Due 2/26/2025 |
|---|---|---|---|---|
| 12/31/2006 | 4/13/2009 | Tax | $72,306.69 | $67,260.85 |
| 12/31/2007 | 8/24/2009 | Tax | $612,352.52 | $790,576.38 |
| **Total** $857,837.23 | | | | |

11. Because Mark Timon and Deborah Timon neglected, refused, or failed to pay the liabilities described in paragraphs 9 and 10 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to the Real Property when it was acquired.

12. A Notice of Federal Tax Lien ("NFTL") was filed with the Cheshire County Register of Deeds, New Hampshire, in accordance with 26 U.S.C. § 6323(f) as follows:

| Type of Tax | Tax Periods Ending | Date NFTL Filed |
|---|---|---|
| Income | 12/31/2007 | 10/29/2020 |

13. The United States is entitled to enforce the federal tax lien for the 2007 tax year against the Real Property pursuant to 26 U.S.C. § 7403 and to have the entire Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Property; second, to the Town of Walpole, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the 2007 federal income tax liability described in paragraph 10 above, except to the extent that the Court determines that another party has a superior right, title, or interest.[1]

WHEREFORE, the plaintiff United States of America requests the following relief:

A. A determination that the United States has a valid and subsisting federal tax lien under 26 U.S.C. §§ 6321 and 6322 securing the 2007-year tax liability described in paragraph 10 on the Real Property;

B. A judgment and order enforcing the federal tax lien pursuant to 26 U.S.C. § 7403 against the Real Property by ordering the sale of the entire Real Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, and interests of the parties, including any rights of redemption, with the proceeds of the sale

---

[1] The United States has not included enforcement of the tax lien for year 2006 due to questions regarding the status of that lien based on a revocation of an erroneous release. (The United States reserves the right to collect the judgment.)

distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Real Property; second, to the defendant Town of Walpole, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the 2007-year tax liability described in paragraphs 9 and 10, except to the extent that the Court determines that another party has a superior claim, lien, or interest;

  C. That the Court determine that the failure by any defendant other than the defendants Mark Timon *a/k/a* Mark L. Timon, Deborah Timon *a/k/a* Debora M. Timon, and Town of Walpole to timely appear in this civil action and plead a right, title, claim, lien or interest in the Real Property shall result in a default being entered against that party, and a default judgment finding that the Real Property may be sold free and clear of the defaulting party's right, title, claim, lien or interest in the Real Property and that the defaulting party has no right, title, claim, lien or other interest in the proceeds from any sale of the Real Property ordered by this Court; and,

  D. The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

UNITED STATES OF AMERICA

*/s/ Philip Bednar*
PHILIP BEDNAR (WA 41304)
JULIA M. GLEN (MN 0399238)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-6415 (v) (plb)
202-514-6484 (v) (jmg)
202-514-5238 (f)
Philip.L.Bednar@usdoj.gov
Julia.M.Glen@usdoj.gov